UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 20-10739-MWF (SKx)                    Date:  July 23, 2021
Title:    Jeff Smorowski v. Domino's Pizza LLC et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER GRANTING MOTION TO COMPEL ARBITRATION OR ALTERNATIVELY TO DISMISS AMENDED COMPLAINT [34]

Before the Court is Defendants Domino's Pizza LLC and Domino's Pizza, Inc.'s (collectively "Domino's") Motion to Compel Arbitration or Alternatively to Dismiss Amended Complaint (the "Motion"), filed on March 15, 2021.  (Docket No. 34).  On April 12, 2021, Plaintiffs Daniel Lenhart and Jeff Smorowski, representing the putative class, filed an opposition.  (Docket No. 36).  On April 26, 2021, Domino's filed a reply.  (Docket No. 37).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on May 10, 2021, pursuant to General Order 21-03 arising from the COVID-19 pandemic.

For the reasons that follow, the Motion to Compel Arbitration is **GRANTED**. Plaintiffs assented to an arbitration agreement clearly and unmistakably delegating threshold issues of scope to an arbitrator.  As a result, only an arbitrator — not the Court — may determine whether Plaintiffs agreed to arbitrate claims arising from their in-person purchases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10739-MWF (SKx)                                   Date:  July 23, 2021
Title:     Jeff Smorowski v. Domino's Pizza LLC et al.

## I. BACKGROUND

### A. Plaintiffs' Allegations

Plaintiffs initiated this action on November 24, 2020.  (Complaint (Docket No. 1)).  Plaintiffs filed their First Amended Complaint ("FAC") on February 18, 2021.  (Docket No. 30).  The FAC contains the following allegations.

This action concerns Domino's "Mix & Match" discount program (the "Mix & Match Deal").  (*See generally* FAC).  Domino's represents to consumers in its Mix & Match Deal advertisements that purchasing any two qualifying products (the "Products") will cost the consumer $5.99 per product (or $11.98 total, excluding sales tax).  (FAC ¶¶ 13-14).

On August 19, 2020, Plaintiff Smorowski purchased two medium pizzas and a Sweet BBQ Bacon Chicken Sandwich under the Mix & Match Deal at the Domino's located at 2934 Westminster, Seal Beach, California.  (*Id.* ¶ 24).  Domino's charged Plaintiff Smorowski more than $5.99 for each Product.  (*Id.*).

On September 26, 2019, Plaintiff Lenhart purchased two Products, medium pizzas, from an undisclosed Domino's location under the Mix & Match Deal, but was charged more than $5.99 for each Product.  (*Id.* ¶ 25).  In 2017-2019, during or about the week of September 26 and the first week of February (Superbowl Sunday), Plaintiff Lenhart purchased Products under the Mix & Match Deal.  (*Id.*).  Plaintiff Lenhart made these purchases at locations near and around his home in Arcadia and West Covina.  (*Id.*).  During each purchase, Domino's charged Plaintiff Lenhart more than $5.99 for each Product he purchased under the Mix and Match Deal.  (*Id.*).

Based on these allegations, Plaintiffs seek to represent a class of all persons in the United States who purchased the Products through the Mix & Match Deal during the four years.  (*Id.* ¶ 25).  Plaintiffs bring five claims on behalf of themselves and the putative class:  (1) violation of California's Consumers Legal Remedies Act ("CLRA"); (2) violation of California's Unfair Competition Law ("UCL"); (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-10739-MWF (SKx) | Date:  July 23, 2021 |
| Title:  Jeff Smorowski v. Domino's Pizza LLC et al. | |

violation of California's False Advertising Law ("FAL"); (4) breach of express warranty; (5) unjust enrichment; and (6) fraud.  (*Id.* ¶¶ 51-90).

### B. Online Purchases

Domino's puts forth evidence that, in addition to the in-person purchases described above, Plaintiff Smorowski used Domino's website (the "Website") to place orders for two medium pizzas and twelve pieces of Sweet BBQ Bacon Chicken on August 7, 13, 14, 16, and 17, 2020.  (*See* Declaration of Jason McMann ("McMann Decl.") ¶ 6 (Docket No. 34-1)).  Domino's also puts forth evidence that Plaintiff Lenhart placed at least twenty orders on the Website and Domino's mobile application (the "App") since 2017, including ten orders in 2017, four orders in 2018, four orders in 2019, one order in 2020, and one order in 2021.  (*See* McMann Decl. ¶ 7).

Plaintiffs do not dispute that they made these online purchases.  (*See generally* Opposition).

### C. Domino's Terms of Use and Arbitration Clause

To place an order on the Website or App, the customer must click a button stating "PLACE YOUR ORDER," under which the following text appears:  "By placing your order you agree to our Terms of Use and that you are at least 13 years old." (McMann Decl. ¶ 10, Ex. A) (blue text appearing in original).

The Website's Terms of Use contain the following clause (the "Arbitration Clause"):

> BOTH YOU AND DOMINO'S PIZZA AGREE THAT ANY CLAIM, DISPUTE, AND/OR CONTROVERSY ARISING OUT OF OR RELATING IN ANY WAY TO YOUR USE OF THE WEB SITES OR THE APPLICATIONS, ANY PRODUCTS SOLD BY DOMINO'S PIZZA THROUGH THE WEBSITES OR THE APPLICATIONS, THESE TERMS OF USE, OR THE SCOPE OR VALIDITY OF THIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10739-MWF (SKx)           **Date:** July 23, 2021
**Title:** Jeff Smorowski v. Domino's Pizza LLC et al.

> ARBITRATION AGREEMENT SHALL BE SUBMITTED TO AND RESOLVED EXCLUSIVELY BY BINDING ARBITRATION, RATHER THAN IN COURT . . . ALL MATTERS RELATING TO ARBITRATION WILL BE GOVERNED BY THE FEDERAL ARBITRATION ACT, 9 U.S.C. SECTIONS 1-16, AND NOT BY ANY STATE ARBITRATION LAW.

(McMann Decl., Ex. B at 6).

## II. LEGAL STANDARD

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986) (citation and internal quotations marks omitted). "This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *Id.* at 648-49 (citation omitted).

Under the Federal Arbitration Act ("FAA"), "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)). "Under the Act and [the Supreme] Court's cases, the question of who decides arbitrability is itself a question of contract." *Id.* at 527. Accordingly, after determining that a valid arbitration agreement exists, the court must also scrutinize the putative agreement to arbitrate arbitrability (also referred to as a delegation clause).

"Unlike the arbitrability of claims in general, whether the court or the arbitrator decides arbitrability is 'an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'" *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) (citation omitted); *see also First Options of Chicago, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10739-MWF (SKx)          Date:  July 23, 2021
Title:     Jeff Smorowski v. Domino's Pizza LLC et al.

*Kaplan*, 514 U.S. 938, 944 (1995) (explaining that courts will enforce an agreement to delegate threshold arbitrability issues to an arbitrator only where there is "clear and unmistakable evidence" that the parties objectively intended to do so).  Courts apply no presumption that parties have agreed to arbitrate arbitrability and will not resolve any doubts in favor of arbitrating arbitrability.  *Kaplan*, 514 U.S. at 944-45.  In *Kaplan*, the Supreme Court explained the policy rationale behind this rule:

> A party often might not focus upon . . . the significance of having arbitrators decide the scope of their own powers.  And, given the principle that a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration, one can understand why courts might hesitate to interpret silence or ambiguity on the "who should decide arbitrability" point as giving the arbitrators that power, for doing so might too often force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide.

514 U.S. at 945 (internal citations omitted).

### III.   DISCUSSION

Domino's seeks to enforce the Arbitration Clause and compel Plaintiffs to arbitrate their claims.  (Motion at 6-13).  In the alternative, Domino's moves to dismiss Plaintiffs' claims under Rules 9(b) and 12(b)(2).  (*Id.* at 13-20).

#### A.   Arbitrating Arbitrability

Plaintiffs do not dispute that they used the Website to purchase Domino's products or that the Arbitration Clause applies to their use of the Website to make purchases.  (S*ee* Opposition at 3-4).  Rather, Plaintiffs contend that they never entered into a contract agreeing to arbitrate disputes arising from their in-person purchases — the only purchases at issue in this action.  (*Id.* at 2-8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10739-MWF (SKx)          **Date:** July 23, 2021
**Title:** Jeff Smorowski v. Domino's Pizza LLC et al.

Domino's contends that Plaintiffs assented to binding arbitration by making purchases and viewing advertisements on the Website, notwithstanding the fact that Plaintiffs have limited their claims to those arising from their in-person purchases only. (Reply at 2-4). According to Domino's, Plaintiffs' argument that the Arbitration Clause does not apply to their in-person purchases is an improper attempt to challenge the scope of the Arbitration Clause — an issue that the parties delegated to the arbitrator and that the Court may not decide. (*Id.* at 2-3).

In sum, the parties disagree about whether the Court or an arbitrator must decide the threshold question of whether Plaintiffs agreed to arbitrate claims arising from their in-person purchases of Domino's products. Plaintiffs frame this issue as one of contract formation, while Domino's frames it as bearing on the contract's scope.

### 1. Do Plaintiffs' arguments implicate principles of contract formation or the Arbitration Clause's scope?

Plaintiffs assert that they never assented to any agreement to arbitrate claims when they made their in-person purchases, and therefore, ***no arbitration agreement exists*** for the Court to enforce. In contrast, Domino's asserts that Plaintiffs assented to ***an*** agreement to arbitrate claims by making purchases on the Website, and therefore, the question of whether the Arbitration Clause also encompasses Plaintiffs' claims arising from in-person purchases is a threshold arbitrability issue that the parties have delegated to the arbitrator.

Domino's also contends that Plaintiffs' arguments are foreclosed by the Supreme Court's decision in *Henry Schein*. (Reply at 2).

In *Henry Schein*, the Supreme Court addressed the question of who decides — the court or an arbitrator — threshold arbitrability issues when the parties' contract contains a delegation clause. 139 S. Ct. at 527. The Fifth Circuit (among others) refused to enforce delegation clauses where a party's argument that the arbitration agreement applies to the particular dispute was "wholly groundless." *Id.* at 528. The Supreme Court rejected the Fifth Circuit's approach, holding that the wholly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10739-MWF (SKx)           **Date:** July 23, 2021
**Title:**     Jeff Smorowski v. Domino's Pizza LLC et al.

groundless exception "is inconsistent with the statutory text and with our precedent. It confuses the question of who decides arbitrability with the separate question of who prevails on arbitrability. When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Id.* at 531.

The Court disagrees with Domino's that *Henry Schein* necessarily bars Plaintiffs' arguments about the lack of an existing contract. *Henry Schein* did not address the precise issue here because there was no dispute in *Henry Schein* that the container contract — *i.e.*, the contract in which the arbitration provision appeared — was "[t]he relevant contract between the parties" and generally governed the subject matter of the parties' dispute. *Id.* at 528.

As a result, the Court must determine whether the rule from *Henry Schein* applies even when a party attempts to rely on a container contract that is ***not*** the relevant contract between the parties, or whether courts are prohibited from making even that determination — *i.e.*, deciding as an issue of contract formation whether the container contract ***is*** the relevant contract — because doing so would merely repackage (albeit cleverly) the defunct "wholly groundless" exception.

A brief review of the Fifth Circuit's "wholly groundless" exception is instructive. Prior to *Henry Schein*, the Fifth Circuit employed a two-step analysis when ruling on a motion to compel arbitration:

> The first is contract formation — whether the parties entered into ***any arbitration agreement at all***. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement. Ordinarily both steps are questions for the court. But where the arbitration agreement contains a delegation clause giving the arbitrator the primary power to rule on the arbitrability of a specific claim, the analysis changes.
>
> . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-10739-MWF (SKx)**                    **Date:  July 23, 2021**
**Title:      Jeff Smorowski v. Domino's Pizza LLC et al.**

> [I]f the party seeking arbitration points to a purported delegation clause, the court's analysis is limited.  It performs the first step — an analysis of contract formation — as it always does.  But the only question, after finding that there is in fact a valid agreement, is whether the purported delegation clause is in fact a delegation clause — that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated.   If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases.

*Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201-202 (5th Cir. 2016) (internal citations omitted) (emphasis in original).

The Fifth Circuit adopted the "wholly groundless" exception to this delegation rule in *Douglas v. Regions Bank.*  757 F.3d 460, 464 (5th Cir. 2014), *abrogated by Henry Schein*, 139 S. Ct. at 529.  Douglas had signed an arbitration agreement when she opened a checking account with Union Planters Bank ("Union").  757 F.3d at 461.  Years later, and after closing the checking account, Douglas was injured in a car accident and was allegedly defrauded by an attorney that she had retained to represent her in connection with the accident.  *Id.*  Because Douglas's attorney held accounts at the Bank's successor, Regions Bank ("Regions"), Douglas sued Regions for negligence and conversion.  *Id.*  Regions then moved to compel arbitration based on the arbitration agreement that Douglas had signed years earlier when opening the checking account with Union.  *Id.*

On appeal, the Fifth Circuit acknowledged the existence of ***a*** valid agreement between Douglas and Regions (as Union's successor), but framed the pertinent question as "whether the arbitration agreement and its delegation provision have anything to do with the claim at issue here — that is, whether there is an arbitration agreement ***relevant*** to the dispute at hand."  *Id.* at 462.  Reasoning that "what must be arbitrated is a matter of the parties' intent[,]" the *Douglas* court held that

> when she agreed to arbitrate "the validity, enforceability, or scope of this Arbitration provision," Douglas did not intend to bind herself for life to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10739-MWF (SKx)                    Date:  July 23, 2021
Title:      Jeff Smorowski v. Domino's Pizza LLC et al.

> gateway arbitration for any and all claims that ever might exist between her and Regions.  She meant only to bind herself to arbitrate gateway questions of arbitrability if the argument that the dispute falls within the scope of the agreement is not wholly groundless.

*Id.* at 464.

The wholly groundless exception thus enabled courts to avoid the otherwise inescapable consequence of sending a matter to arbitration every time a delegation clause was present in "any arbitration agreement at all" between the parties, even when the agreement appeared within an entirely unrelated contract.  As the *Douglas* court explained,

> [t]he mere existence of a delegation provision in the checking account's arbitration agreement, however, cannot possibly bind Douglas to arbitrate gateway questions of arbitrability in ***all*** future disputes with the other party, no matter their origin.  Suppose the driver who injured Douglas was an employee of Regions who was conducting bank business.  Douglas would not have to arbitrate the underlying tort, which is unrelated to her checking account and its accompanying contract, just because she happens to have a contract with Regions on a completely different matter.  It follows that she does not have to send such a claim for "gateway arbitration" merely because there is a delegation provision in the completely unrelated contract.

>  If it were otherwise, then every case involving an arbitration agreement with a delegation provision must, with no exceptions, be submitted for such gateway arbitration; no matter how untenable the argument that there is some connection between the dispute and the agreement, an arbitrator must decide first.  Douglas would have to go to the arbitrator, who would flatly tell her that this claim is not within the scope of the completely unrelated arbitration agreement she signed many years earlier when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 20-10739-MWF (SKx)					Date:  July 23, 2021
Title:     Jeff Smorowski v. Domino's Pizza LLC et al.

>    opening a checking account and that she must actually go to federal court
>    after all.

*Id.* at 462-43.

Notably, because the parties had signed ***an*** arbitration agreement with a delegation clause, the Fifth Circuit in *Douglas* approached the arbitrability issue as implicating the scope of the agreement that the parties had formed years earlier, rather than as a question of whether the parties had formed a contract encompassing the relevant subject matter and claims.  The Ninth Circuit took a similar approach in a recent unpublished decision, rejecting the plaintiff's attempt to recast the arbitrability issue as a matter of contract formation rather than scope.

In *LeBoeuf v. NVIDIA Corp.*, the plaintiffs brought claims arising from their purchases from third-party manufacturers and retailers of hardware that allegedly suffered from performance issues.  833 F. App'x 465, 466 (9th Cir. 2021).  The plaintiffs had also downloaded and installed NVIDIA's software, which was necessary to operate the hardware.  *Id.*  Before downloading the software, NVIDIA required the plaintiffs to consent to its license agreement that contained an arbitration provision.  *Id.*  NVIDIA moved to compel the plaintiffs to arbitrate their claims, and the district court granted NVIDIA's motion based on the software's license agreement.  On appeal, the plaintiffs argued that, because their claims related to hardware, not software, the parties had not entered into any agreement to arbitrate the plaintiffs' claims.  *Id.*  The Ninth Circuit rejected this argument, reasoning that "because the undisputed facts show that [the plaintiffs] entered into ***a*** valid arbitration agreement[,]" "[a]ny dispute as to the scope of that agreement, and whether [the plaintiffs'] claims fall outside the agreement, must be determined by the arbitrator under the License Agreement's delegation clause."  *Id.* (citing *Henry Schein*, 139 S. at 530) (emphasis added).

It is not clear that *Henry Schein* mandates the approach taken in *LeBoeuf*.  The Supreme Court in *Henry Schein* rejected the wholly groundless exception because it contravened the FAA's text and Supreme Court precedent.  139 S. Ct. at 529-30.  But nothing in *Henry Schein* repudiated a court's preliminary role in deciding contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-10739-MWF (SKx) | Date:  July 23, 2021 |
| Title:     Jeff Smorowski v. Domino's Pizza LLC et al. | |

formation issues.  Quite the opposite, the Supreme Court in *Henry Schein* expressly acknowledged the continued existence of this role:  "To be sure, before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists.  *See* 9 U.S.C. § 2.  But if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue."  *Id.* at 530.  The Court interprets this proviso to mean that even in the presence of an arbitration agreement with a delegation clause, courts must still decide preliminary contract issues of assent and formation before referring the dispute to an arbitrator.  *See MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 401 (3d Cir. 2020) (interpreting the Supreme Court's arbitrability jurisprudence as suggesting that issues of contract formation, including whether an arbitration clause was agreed to in the first place, must be resolved by courts before referring a matter to arbitration) (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298-99 & n.6 (2010), *Henry Schein*, 139 S. Ct. at 530)).

Accordingly, the Court sees no reason why the *LeBoeuf* court could not have framed the arbitrability issue as implicating principles of contract formation, rather than dismissing the plaintiffs' argument as an improper attempt to challenge the scope of the parties' agreement.  It would not contravene the FAA's text for a court to make an initial determination as to whether the parties entered into a contract that governs the subject matter of the plaintiffs' claims.  Courts already resolve issues of contract formation when ruling on motions to compel arbitration by applying established substantive contract law.  *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) ("In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state law principles that govern the formation of contracts.'").  And although the Fifth Circuit applied its wholly groundless exception by analyzing the scope rather than the formation of a given contract, it does not necessarily follow that *Henry Schein* foreclosed the opposite approach — *i.e.*, a court determining as an initial matter whether the parties formed a contract relevant to the dispute at hand.

Nevertheless, the Court will follow the same approach as *LeBoeuf* and treat Plaintiffs' arguments as implicating the scope of the Arbitration Clause.  Although the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10739-MWF (SKx)                    Date:  July 23, 2021
Title:     Jeff Smorowski v. Domino's Pizza LLC et al.

unpublished *LeBoeuf* opinion is not binding on this Court, it is highly persuasive authority.  Perhaps a future Ninth Circuit panel will take up this conundrum and issue more guidance in a published opinion.  But until then, the Court is unwilling to disregard the Circuit's application of *Henry Schein*.

### 2. Does the Court or the arbitrator resolve Plaintiffs' scope arguments?

After having determined that Plaintiffs' arguments — *i.e.*, that they did not agree to arbitrate claims arising from their in-person purchases — bear on the scope of the Arbitration Clause, the Court must now determine whether the Court or the arbitrator resolves threshold issues of scope.

The Arbitration Clause states that the customer "agree[s] that any claim, dispute, and/or controversy arising out of or relating in any way to your use of the Websites or the Applications, any products sold by Domino's Pizza through the Websites or Applications, these Terms of Use, ***or the scope or validity of this arbitration agreement shall be submitted to and resolved exclusively by binding arbitration***, rather than in court[.]"  (McMann Decl., Ex. B at 6) (emphasis added).

"[P]arties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence."  *Schein*, 139 S. Ct. at 530 (citing *First Options*, 514 U.S. at 944; *Rent-A-Center*, 561 U.S. at 69 n.1).

The Ninth Circuit has held that language "delegating to the arbitrators the authority to determine the validity or application of any of the provisions of the arbitration clause" — the exact language in the Arbitration Clause here — is sufficiently "clear and unmistakable" evidence of the parties' intent to arbitrate arbitrability.  *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016).  Although *Mohamed* acknowledged the possibility that express delegation language could theoretically be negated by other portions of an arbitration clause that conflict or are inconsistent with an intent to arbitrate arbitrability, Plaintiffs point to no such conflicting or inconsistent language here.  (*See generally* Opposition).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10739-MWF (SKx)                    Date:  July 23, 2021
Title:    Jeff Smorowski v. Domino's Pizza LLC et al.

Because the Arbitration Clause unambiguously states that disputes relating to "the scope or validity of this arbitration agreement shall be submitted to and resolved exclusively by binding arbitration, rather than in court," the Court determines that Plaintiffs agreed to delegate threshold arbitrability issues of scope to an arbitrator by clear and unmistakable evidence.

Accordingly, the Motion to Compel Arbitration is **GRANTED**.

### B.     Rule 9(b) and 12(b)(2)

Because the Court determines that Plaintiffs must arbitrate their claims, including threshold issues of scope and arbitrability, the Court does not reach Domino's' motion to dismiss arguments.

### IV.    CONCLUSION

For the reasons stated above, the Motion to Compel Arbitration is **GRANTED**.

In the Ninth Circuit, the district court has discretion to dismiss a party's complaint where the court finds that the arbitration clause covers all of the party's claims.  *See, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (affirming dismissal of action where "all of [the plaintiff's] claims fall within the scope of th[e] arbitration agreement"); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (affirming dismissal of action where "the arbitration clause was broad enough to bar all of the plaintiff's claims since it required [the plaintiff] to submit all claims to arbitration").  As explained above, the question of whether Plaintiffs' claims fall within the scope of the Arbitration Clause is reserved for the arbitrator.  As a result, the Court in its discretion opts to dismiss rather than stay the action.

Accordingly, the action is **DISMISSED** *without prejudice*.  Nothing in this Order shall be construed as preventing putative class members who never used the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 20-10739-MWF (SKx) | **Date:**  July 23, 2021 |
| **Title:**     Jeff Smorowski v. Domino's Pizza LLC et al. | |

Domino's Website or App, and did not assent to the Terms of Use, from bringing the same or similar claims that Plaintiffs brought here.

     This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

     IT IS SO ORDERED.